29 C.C.P.A.(Patents)

## In re POWERS.

### Patent Appeal No. 4575.

Court of Customs and Patent Appeals.
March 23, 1942.

McCaleb, Wendt & Dickinson, of Chicago, Ill. (Robert H. Wendt and A. G. McCaleb, both of Chicago, Ill. of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting certain claims embraced in appellant's application for a patent entitled "Fuel Supply Systems for Oil Burners." Four claims numbered, respectively, 14, 15, 16, and 17 were included in the board's rejection and in the appeal to this court, but at the hearing before us appellant moved to dismiss the appeal as to claims 15 and 17, which motion will be granted. Claims 14 and 16 read:

"14. In a liquid fuel supply system for oil burners, the combination of a fuel tank, with a pump, a conduit from said tank to the pump intake, a housing member having a pressure chamber therein, a conduit from the pump outlet to said chamber, a burner nozzle, said housing having a burner outlet and a by-pass outlet, a conduit from said burner outlet to said nozzle, a conduit from said by-pass outlet communicating with the tank, a by-pass valve controlling the by-pass outlet, a burner valve controlling the burner outlet, a single diaphragm means in said pressure chamber for actuating said valves responsive to pressure in said chamber, compressed spring means urging said diaphragm toward closing of said valves, said burner valve opening first on increase of pressure

494

and closing last on decrease of pressure in said chamber, the capacity of said pump exceeding that of the nozzle, whereby the burner valve is opened at predetermined pressure, the nozzle is continuously supplied with fuel of suitable pressure and volume excess fuel is by-passed with respect to the nozzle, and the fuel to the nozzle is shut off when pressure decreases below predetermined operating pressure depending on initial spring compression.

"16. A fuel supply system according to claim 14, in which the by-pass conduit extends to the intake of the pump, whereby only one conduit to the tank is required.

The examiner rejected the claims upon three grounds, viz.: (1) As being drawn to an old combination, (2) double patenting, and (3) as unpatentable over prior art. He cited three patents as references. The board overruled the rejection based on double patenting and eliminated two of the references, but sustained the holding to the effect that appellant's combination is not patentable over the combination shown in a patent to one Joseph T. Webber, No. 1,-655,173, granted January 3, 1928, for a liquid-fuel feeding device.

██ Under this state of facts we may consider only the decision of the board and the single reference (Webber) upon which the rejection of the claims was based.

The brief for appellant gives a detailed analysis of his combination structure, pointing out the functions of the respective elements as shown by the numerals appearing in his drawings. In view of the narrow issue in the case, we deem it unnecessary to repeat the description in great detail. The brief filed by the Solicitor for the Patent Office describes appellant's disclosure and that of the Webber patent as follows:

"The application here involved discloses an oil burning system in which fuel is withdrawn from the storage tank by a pump and fed to a pressure actuated valve unit, from which part of it passes to the burner nozzle and part may be returned either to the storage tank or to the intake line of the pump. The valve unit comprises a diaphragm which, as the pressure in the outlet line of the pump rises, first opens a valve to admit fuel to the burner nozzle and, upon a further rise in pressure, opens a bypass valve to return excess oil to the tank or to the inlet of the pump.

\*    \*    \*    \*    \*

"The patent to Webber No. 1,655,173 discloses an oil burner feeding system in which the outlet line of the oil pump enters a valve casing beneath a spring-pressed plunger which tends to hold closed both a valve in the burner supply line and a relief by-pass valve. When the oil pressure overcomes this spring it opens the burner valve and, on a further increase of pressure, the by-pass valve is opened. The burner, tank and pump are not illustrated, but the manner in which they are to be connected with the valve casing is clearly set forth in the specification."

It will be observed that one of the elements recited in claim 14 is "a single diaphragm means in said pressure chamber for actuating said valves responsive to pressure in said chamber," and that by reason of the phraseology of claim 16 that element is also embraced in it. In the final analysis, appellant's principal contention rests upon the presence in the combination of the element so described for which, as an independent device, appellant was granted a patent in 1937, not long after the application here involved was filed. As has been stated, the board expressly held that the question of double patenting was not involved, and that matter is not before us.

In the brief for appellant it is said: "There is no disclosure whatever in the Webber patent of such a diaphragm, and it is entirely new to actuate two valves by means of a single diaphragm in the way further specified in the claim."

It is then argued, in effect, that the diaphragm feature referred to in the specification as a "pressure responsive bellows" as a new element in the combination makes the complete combination new; that its use "modifies the action of both of the two valves used with it, such as the burner valve and the by-pass valve, by making every operation absolutely dependable and certain"; that it prevents particles of carbon and dirt from working between the wall and the piston, and prevents the valves from sticking.

The feature of the Webber patent which corresponds to appellant's diaphragm (or bellows) element is described as a piston. It is shown in the Webber drawings in an arrangement somewhat similar to the arrangement of appellant's diaphragm in his drawings, and the function of such piston as stated, in effect, in the specification is that of actuating valves in response to pressure in the pressure chamber.

Under the facts appearing it does not seem to us that the substitution of appellant's diaphragm for Webber's piston rendered the resulting device patentable as a combination. The board said: "It is probable that appellant's pressure regulator is superior to that shown in the Webber patent, but that does not make the combination a new one. The Webber patent clearly shows an arrangement wherein pressure created by the fuel pump will first open the fuel valve, allowing oil to flow to the burner and as the pressure continues to rise, it will open the passage to the by-pass."

We are not convinced that the board was in error upon this phase of the controversy.

Claim 16, in effect, embraces all of claim 14 with the added limitation "in which [system] the by-pass conduit extends to the intake of the pump, whereby only one conduit to the tank is required."

The board's discussion of this claim is as follows: "Claim 16 is specific to the form in which the discharged end of the by-pass is connected to the intake of the pump adjacent said pump. While this feature is not disclosed in the art cited, still we are of the opinion that this is but an obvious modification of the structure disclosed in the Webber patent where it states that the by-pass is connected with a 'suitable container or storage tank.' "

Appellant has urged before us that the quoted limitation in claim 16 is not an obvious modification of the structure disclosed in the Webber patent and in his brief elaborates as to certain functions or results obtained by the arrangement defined.

The brief filed by the Solicitor for the Patent Office states: "Claim 16 differs from claim 14 in stating that the by-pass line extends to the pump intake. It is believed that the pump intake, as here broadly recited, includes the storage tank and that this claim is thus met by Webber in the same manner as claim 14. However, even if claim 16 requires that the bypass conduit be connected directly to the intake pipe of the pump, there would be nothing but an obvious modification involved. The exact point on the intake side of the pump to which the bypass is connected is purely a matter of choice. It may be noted that appellant's specification describes the connection of the bypass to the tank or to the pump intake pipe as if the two were well-recognized equivalents."

It seems to us that the foregoing statements of the board and solicitor present a sound position, and that the inclusion of the feature described in the quoted limitation of claim 16 may not properly be held to render appellant's combination patentable.

The appeal as to claims 15 and 17 is dismissed, and as to claims 14 and 16 the decision of the board is affirmed.

Affirmed.